# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **EVERLIGHT ELECTRONICS CO., LTD,** | |
| **Plaintiff,** | |
| **v.** | **Jury Trial Demanded** |
| **WALMART INC.,** | **Civil Action No. 6:23-00439** |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to the Federal Rules of Civil Procedure, Everlight Electronics Co., Ltd. ("Everlight") files its Complaint for Patent Infringement against Defendant Walmart Inc. ("Defendant"), showing this Court as follows.

### NATURE OF THE ACTION

1.      Everlight is one of the world's leading manufacturers of LED products.  Everlight, through its subsidiaries, has sales offices in the United States and sells, imports, and/or offers LED products for sale in the United States, including in the state of Texas.

2.      Everlight is the owner of numerous U.S. patents, including, but not limited to, U.S. Pat. No. 9,640,733, entitled "Carrier, carrier leadframe, and light emitting device,"  (the "'733 Patent"), U.S. Pat. No. 9,905,742 B2, entitled

"Carrier, Carrier Leadframe, and Light Emitting Device," (the "'742 Patent"), and U.S. Pat. No. 7,554,126 B2, entitled "Semiconductor Light-Emitting Element, Manufacturing Method and Mounting Method of the Same and Light-Emitting Device," (the "'126 Patent") (the '742 Patent, '126 Patent, and '733 Patent are collectively referred to herein as the "Everlight Patents").

3.      This action arises out of Defendant's infringement of certain claims of the Everlight Patents.

4.      On June 14, 2022, this Court issued its Claim Construction Order, (Dkt. #48), in *Everlight Electronics Co., Ltd. v. Amazon Inc., et al.*, Case 6:21-cv-00906-ADA-DTG, construing certain terms in the '126 Patent contained within, *inter alia*, claims 2 and 4 of the '126 Patent the infringement of which are also asserted in this action.

## THE PARTIES

5.      Founded in 1983, Plaintiff Everlight, a limited company organized under the laws of Taiwan, is a world-leading manufacturer and retailer of LED products, including high power LEDs, SMD LEDs, lamps, lighting components, LED lighting modules, digital displays, opto-couplers and infrared components for various applications.  With its headquarters in Taipei, Taiwan, Everlight is a global company with over 6,400 employees based in China, Hong Kong, Japan, Korea, Singapore, Malaysia, India, Germany and the United States.

133336333v.1

6.      Upon information and belief, Defendant is a Delaware corporation with its principal place of business at 702 S.W. 8th Street #555, Bentonville, Arkansas 72716.  Walmart maintains retail locations throughout the state of Texas, including a Walmart Superstore at 4320 Franklin Ave, Waco, TX 76710.

7.      Walmart Inc. may be served through its registered agent in Texas, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

### JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, including 35 U.S.C. §§271, 281, and 284-285.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

10.      This Court has personal jurisdiction over Defendant, as Defendant has contacts with Texas and this judicial district, it has purposely directed activities toward Texas and this judicial district that give rise to the causes of action herein, and it has purposefully availed itself of the privileges of conducting business in Texas and this judicial district. For example, upon information and belief, Defendant operates multiple store locations in Texas, including in this district as noted above, where it has sold and continues to offer for sale products that infringe Everlight's patents.  Through its activities in this district, Defendant has committed acts within this district giving rise to this action and has established minimum

3

contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because, among other things, Defendant is subject to personal jurisdiction in this judicial district, has a regular and established place of business in this judicial district, including at least the location at 4320 Franklin Ave, Waco, TX 76710, has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas, and certain of the acts complained of herein, including acts of patent infringement, occurred in this judicial district.

## BACKGROUND AND THE ASSERTED PATENTS

12. Light emitting diodes ("LEDs") are specialized types of semiconductors that traditionally produce a narrow wavelength of light. Differing materials utilized in the manufacture of the LED allow the device to produce light of differing wavelengths, from infrared (e.g., GaAs) to white (e.g., GaInN).

13. LEDs are traditionally mounted in various applications upon a carrier, that includes a carrier leadframe.

### A. The '733 Patent.

14. Everlight is the owner of all rights and interests, including the right to sue for infringement, in the '733 Patent.

133336333v.1

15.    In certain applications, LEDs are mounted within lamp structures.  An integral part of such structures is the carrier leadframe, which electrically connects the LED and provides structural support.

16.    The inventors of the '733 Patent recognized that then existing carrier leadframe manufacturing processes had significant drawbacks, including inefficient testing requirements and the creation of dust that affected the reliability of LEDs.

17.    The invention disclosed in the '733 Patent provides a carrier and a carrier leadframe, which has at least one carrier that is separated in advance and mechanically engaged with the leadframe, thereby facilitating quick release of material after die bonding, wire bonding and encapsulation. This allows for the improved production speed and yield of a light emitting device.  An additional advantage of the invention disclosed in the '733 Patent is an improved ability to test the light emitting device.

18.    Claim 1 of the '733 Patent is illustrative, providing:

> 1.  A light emitting device comprising:
> a carrier;
> a light emitting diode (LED) chip carried within the carrier; and
> an encapsulant covering the LED chip;
> wherein the carrier comprises:
>> at least one electrode portion, each of the at least one electrode portion comprising at least an electrode portion cross section; and

a housing comprising a housing cross section, the housing at least partially covering the at least one electrode portion, wherein the housing cross section and the electrode portion cross section are not level with one another;

wherein each of the at least one electrode portion further comprises a central area and two edge areas, and wherein the electrode portion cross section is located on at least one of the two edge areas; and

wherein the central area and the two edge areas protrude from the housing cross section;

wherein the central area protrudes from the two edge areas.

B. The '742 Patent.

19.    Everlight is the owner of all rights and interests, including the right to sue for infringement, in the '742 Patent.  The '742 Patent is a divisional of the '733 Patent, discussed above.

20.    The inventors of the '742 Patent recognized that then existing carrier leadframe manufacturing processes had significant drawbacks, including inefficient testing requirements and the creation of dust that affected the reliability of LEDs.

21.    The invention disclosed in the '742 Patent provides a carrier and a carrier leadframe, which has at least one carrier that is separated in advance and mechanically engaged with the leadframe, thereby facilitating quick release of material after die bonding, wire bonding and encapsulation. This allows for the improved production speed and yield of a light emitting device.  An additional

6

advantage of the invention disclosed in the '742 Patent is an improved ability to

test the light emitting device.

22.    Claim 1 of the '742 Patent is illustrative, providing:

1. A light emitting device comprising:

at least one electrode portion; and

a resin housing containing a reflecting material and covering a portion
   of said at least one electrode portion,

wherein said at least one electrode portion comprises a wing portion
   which is exposed outside the housing, the wing portion extending
   in a length-wise direction of the wing portion along an edge of the
   housing and protruding from the housing in a width-wise direction
   of the wing portion, the length-wise direction being substantially
   perpendicular to the width-wise direction, wherein the wing
   portion comprises:

a central area; and

at least one edge area having a length in the length-wise direction
   shorter than that of the central area, and

wherein the at least one edge area protrudes in the width-wise
   direction from an end portion of the central area,

wherein the at least one electrode portion further comprises an
   electrode portion cross section,

wherein the resin housing comprises at least one housing cross
   section,

wherein the at least one housing cross section is located in a vicinity
   of four corners of the resin housing, and

wherein the at least one housing cross section is not level with the
   electrode portion cross section.

C.  The '126 Patent.

23.    Everlight is the owner of all rights and interests, including the right to sue for infringement, in the '126 Patent.

24.    The invention disclosed in the '126 Patent provides a novel structure for and method for the manufacture and mounting of semiconductor light emitting elements. The inventive concepts disclosed and claimed in the '126 patent provide for larger light emitting elements with higher junction yields while enabling high production efficiency with lower precision requirements.

25.    Claim 1 of the '126 Patent is illustrative, providing:

1.  A semiconductor light emitting element comprising:

a light-transmitting element substrate;

an n-type semiconductor layer formed on the element substrate so as to cover the element substrate;

a p-type semiconductor layer formed so as to cover an area on the n-type semiconductor layer from which an area for an n-electrode on then-type semiconductor layer is excluded, for emitting light in cooperation with the n-type semiconductor layer;

a first n-electrode that is a thin film formed on the area for then-electrode of then-type semiconductor layer;

a first p-electrode that is a thin film formed on the p-type semiconductor layer;

a first insulating layer that is formed so as to insulate the first n-electrode and the first p-electrode from each other;

a second n-electrode formed on the first n-electrode and the first insulating layer as a thin film having an area larger than a joined face between then-type semiconductor and the first n-electrode so

that the second n-electrode is electrically connected to the first n-electrode, the second n-electrode being insulated from the first p-electrode by the first insulating layer; and

a second p-electrode formed as a thin film having an area smaller than a joined face between then-type semiconductor layer and the p-type semiconductor layer, the second p-electrode being electrically connected to the first p-electrode.

### DEFENDANT'S INFRINGING ACTIVITIES

26.    In the fall of 2022, Everlight learned that certain LED products being sold by Defendant likely infringed certain claims of both the '742 Patent and '126 Patent.

27.    On November 17, 2022, counsel for Everlight caused a letter to be delivered to Defendant's Lead-Counsel—Intellectual Property Litigation, advising of Everlight's concerns regarding such products.  A true and correct copy of the November 17 letter is attached hereto as Exhibit 1.

28.    In particular, Everlight informed Defendant that Great Value A19 75W EQ Daylight Bulb, offered for sale by Walmart at

https://www.walmart.com/ip/Great-Value-LED-Light-Bulb-13-5-Watts-75W-Equivalent-A19-General-Purpose-Lamp-E26-Medium-Base-Non-dimmable-Daylight-1-Pack/808280239 likely infringed both claims 1 and 11 of the '742 Patent and attached charts mapping the limitations of those claims to this product (the "Initial '742 Accused Product").

133336333v.1

29.     That same day, counsel for Everlight also submitted the letter through Defendant's intellectual property claim portal.  A true and correct copy of the email from Defendant acknowledging receipt of Everlight's claim through this portal is attached hereto as Exhibit 2.

30.     On December 22, having received no substantive response to its earlier letter, counsel for Everlight again caused a letter to be delivered to Defendant's Lead Counsel—Intellectual Property, updating its prior assertions of infringement of the '742 Patent and further noting Defendant's infringement of the '126 Patent.

31.     In its December correspondence, Everlight reiterated its concerns with infringement of the '742 Patent and, further, noted that additional Walmart products likely infringed claims 18 and 20-23 of the '742 Patent.  Such products included the Great Value E26 3-Way LED Bulb, offered for sale by Walmart at https://www.walmart.com/ip/Great-Value-LED-Light-Bulb-16W-100W-Equivalent-3-way-Lamp-E26-Medium-Base-Non-dimmable-Soft-White-1-Pack/51496415?athbdg=L1100, the Great Value 9W A19 Grow Light, offered for sale by Walmart at https://www.walmart.com/ip/Great-Value-LED-Light-Bulb-9-Watts-60W-Eqv-A19-Grow-Light-Lamp-E26-Medium-Base-Nondimmable-Plant-1-Pack/484928664, the Great Value 8W BR30 Grow Light Large Plant Light, offered for sale by Walmart at https://www.walmart.com/ip/Great-Value-LED-

133336333v.1

Light-Bulb-8W-65WEquivalent-BR30-Grow-Light-Lamp-E26-Medium-Base-Non-dimmable-Large-Plant-1-Pack/968031201, and the Great Value LED Light Bulb 9.5W 60W Equivalent A19 Motion Sensor Lamp, offered for sale by Walmart at https://www.walmart.com/ip/Great-Value-LED-Light-Bulb-9-5W-60W-Equivalent-A19-Motion-Sensor-Lamp-E26-Medium-Base-Non-dimmable-Soft-White-1-Pack/419284710 (collectively, the "Additional '742 Accused Products").

32.    Everlight further advised Defendant that additional products Defendant offered for sale infringed claims 1, 2, 4, and 13 of the '126 Patent.  Such products included the Great Value G25 60W EQ Amber Lightbulb, at https://www.walmart.com/ip/Great-Value-Vintage-Light-Bulb-60W-Equivalent-Amber-Light-G25-E26-3-Pack/287380246 (the "Initial '126 Accused Product").

33.    This December letter also attached exemplary claim charts showing infringement by the Additional '742 Accused Products and the '126 Initial Accused Product.  A true and correct copy of the December 22, letter is attached hereto as Exhibit 3.

34.    That same day, counsel for Everlight also submitted its December 22 letter through Defendant's intellectual property claim portal.  A true and correct copy of the email from Defendant acknowledging receipt of Everlight's December 22 claim through this portal is attached hereto as Exhibit 4.

35.    On January 2, Everlight received an email from Defendant's Lead Counsel, Intellectual Property Litigation, advising, *inter alia*, that he was investigating Everlight's infringement claims.  A true and correct copy of the January 2 email is attached hereto as Exhibit 5.

36.    Everlight sent several follow-up emails to Defendant, seeking an update regarding the investigation into Everlight's claims, and eventually received a response from a representative of Elong Lighting on February 27, indicating that it was the supplier for certain of the products identified in Everlight's correspondence with Defendant and that Elong would review the issues and respond.  A true and correct copy of the February 27 email is attached hereto as Exhibit 6.

37.    Everlight has received no further responses from Defendant or Elong regarding Everlight's infringement claims and Defendant has continued to offer for sale the Initial '742 Accused Product, Additional '742 Accused Products, and the Initial '126 Accused Product.

38.    Since that time, Everlight has continued to investigate whether additional products sold or offered for sale by Defendant infringe the Everlight Patents.

39.    For instance, Everlight has determined that Defendant's MR16 GU5,3 60 LED 3528 SMD 3W SPOT LIGHT BULB warm white 12V, offered for sale by

Walmart at https://www.walmart.com/ip/MR16-GU5-3-60-LED-3528-SMD-3W-SPOT-LIGHT-BULB-warm-white-12V/2467240154, and GE Soft White LED Light Bulbs, 60 Watt Eqv, A19 General Purpose, 13 year, 4pk, offered for sale by Walmart at https://www.walmart.com/ip/GE-Soft-White-LED-Light-Bulbs-60-Watt-Eqv-A19-General-Purpose-13-year-4pk/682014421, (collectively, the "'733 Accused Products") infringe at least Claim 1 of the '733 Patent. An exemplary claim chart mapping the limitations of Claim 1 to Defendant's GE Soft White LED Light Bulbs, 60 Watt Eqv, A19 General Purpose, 13 year, 4pk product is attached hereto as Exhibit 7 (the "Exhibit 7 Products").

40.     Likewise, Everlight has also ascertained that certain products sold and offered for sale by Defendant infringe claims 1, 11, 18, and/or 20-23 of the '742 Patent. Such products are identified in Exhibit 8, attached hereto, ("Ex. 8 Products")

41.     Everlight has also ascertained that certain Automotive headlight and filament products sold and offered for sale by Defendant infringe claims 1, 2, 4, and/or 13 of the '126 Patent. Such products are identified in Exhibit 9, attached hereto, (the "Ex. 9 Products").

42.     Everlight has also ascertained that certain filament products sold and offered for sale by Defendant infringe claims 1, 11, 18 and/or 20-23 of the '742

133336333v.1

Patent.  Such products are also identified in Exhibit 9, attached hereto, ("Ex. 9 Products").

43.    And likewise, Everlight has also ascertained that certain UVC products sold and offered for sale by Defendant infringe claims 1, 2, 4, and/or 13 of the '126 Patent.  Such products are identified in Exhibit 10, attached hereto, (the "Ex. 10 Products).

44.    Everlight's investigation into Walmart's infringement described herein is ongoing and Everlight reserves its rights to supplement or modify if its allegations of infringement.

45.    Everlight has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the Asserted Patents.

46.    All other conditions precedent to the assertion of the claims herein have been satisfied or waived.

**COUNT I**
**DIRECT INFRINGEMENT—'742 PATENT**

47.    Everlight incorporates by reference as if fully set forth herein its averments in Paragraphs 1-46, above.

48.    As set forth above, the Initial '742 Accused Products practices at least claims 1 and 11 of the '742 Patent.

14

49.    Defendant has sold and offered for sale the Initial '742 Accused Product within the U.S. since at least the fall of 2022, in violation of 35 U.S.C. §271, *et seq.*

50.    As set forth above, the Additional '742 Accused Products practice at least claims 18 and 20-23 of the '742 Patent.

51.    Defendant has sold and offered for sale the Additional '742 Accused Products within the U.S. since at least the fall of 2022, in violation of 35 U.S.C. §271, *et seq.*

52.    As set forth above, the Ex. 8 Products practice at least claims 1, 11, 18 and/or 20-23 of the '742 Patent.

53.    Defendant has sold and offered for sale the Ex. 8 Products within the U.S. since at least the fall of 2022, in violation of 35 U.S.C. §271, *et seq.*

54.    Everlight reserves the right to supplement or amend Defendant's products accused of infringing the '742 Patent.

55.    On information and belief, including the allegations above showing knowledge and intent, despite having knowledge of the '742 Patent and knowledge that it is directly infringing one or more claims of the '742 Patent, Defendant has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Defendant's infringing activities relative to the '742 Patent have been, and continue to be, willful, wanton, malicious, in bad-faith,

deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical.

56.    Everlight has been, and continues to be, damaged by Defendant's infringement of the '742 Patent, in an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. §284.

57.    Everlight is entitled to recover from Defendant the damages sustained by Everlight as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

58.    Everlight has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute may give rise to an exceptional case within the meaning of 35 U.S.C. § 285, and Everlight is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## COUNT II
### DIRECT INFRINGEMENT—'126 PATENT

59.    Everlight incorporates by reference as if fully set forth herein its averments in Paragraphs 1-45, above.

60.    As set forth above, the '126 Accused Product practices at least claims 1, 2, 4, and 13 of the '126 Patent.

133336333v.1

61.     Defendant has sold and offered for sale the '126 Accused Product, within the U.S. since at least the fall of 2022, in violation of 35 U.S.C. §271, et seq.

62.     As set forth above, the Ex. 9 Products practice at least claims 1, 2, 4, and 13 of the '126 Patent.

63.     Defendant has sold and offered for sale the Ex. 9 Products within the U.S. since at least the fall of 2022, in violation of 35 U.S.C. §271, *et seq.*

64.     As set forth above, the Ex. 10 Products practice at least claims 1, 2, 4, and 13 of the '126 Patent.

65.     Defendant has sold and offered for sale the Ex. 10 Products, within the U.S. since at least the fall of 2022, in violation of 35 U.S.C. §271, et seq.

66.     Everlight reserves the right to supplement or amend the accused products regarding the '126 Patent.

67.     On information and belief, including the allegations above showing knowledge and intent, despite having knowledge of the '126 Patent and knowledge that it is directly infringing one or more claims of the '126 Patent, Defendant has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Defendant's infringing activities relative to the '126 Patent have been, and continue to be, willful, wanton, malicious, in bad-faith,

deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical.

68.    Everlight has been, and continues to be, damaged by Defendant's infringement of the '126 Patent, in an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. §284.

69.    Everlight is entitled to recover from Defendant the damages sustained by Everlight as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

70.    Everlight has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute may give rise to an exceptional case within the meaning of 35 U.S.C. § 285, and Everlight is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## COUNT III
### DIRECT INFRINGEMENT—'733 PATENT

71.    Everlight incorporates by reference as if fully set forth herein its averments in Paragraphs 1-45, above.

72.    As set forth above, the '733 Accused Products practices at least claim 1 of the '733 Patent.

133336333v.1

73.    Defendant has sold and offered for sale the '733 Accused Products within the U.S. since at least the fall of 2022, in violation of 35 U.S.C. §271, et seq.

74.    As set forth above, the Ex. 7 Products practice at least claim 1 of the '733 Patent.

75.    Defendant has sold and offered for sale the Ex. 7 Products within the U.S. since at least the fall of 2022, in violation of 35 U.S.C. §271, et seq.

76.    Everlight reserves the right to supplement or amend the accused products regarding the '733 Patent.

77.    Everlight has been, and continues to be, damaged by Defendant's infringement of the '733 Patent, in an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. §284.

78.    Everlight is entitled to recover from Defendant the damages sustained by Everlight as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

79.    Everlight has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute may give rise to an exceptional case within the meaning of 35 U.S.C. § 285, and

133336333v.1

Everlight is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

80.     Everlight hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Everlight respectfully requests that the Court find in its favor and against Defendant, entering a judgment in favor of Everlight and granting the following relief:

a)  Finding that Defendant has infringed the '742 Patent as alleged herein;

b)  Finding that Defendant has infringed the '126 Patent as alleged herein;

c)  Finding that Defendant has infringed the '733 Patent as alleged herein;

d)  Requiring an accounting of all damages sustained by Everlight as a result of the acts of infringement by Defendant, including any post-verdict infringement and supplemental damages;

e)  A preliminary and permanent injunction against Defendant, its subsidiaries, or anyone acting on its behalf from having made, using,

selling, offering to sell, or importing any products that infringe the
'742 Patent, '126 Patent, and '733 Patent and any other injunctive
relief the Court deems just and equitable;

f)  Awarding to Everlight damages under 35 U.S.C. §284, including not
less than a reasonable royalty and up to treble damages;

g)  Requiring Defendant to pay Everlight pre-judgment and post-
judgment interest on the damages awarded;

h)  Awarding to Everlight the statutory costs of this action;

i)  Finding this to be an exceptional case and requiring Defendant to pay
to Everlight its attorneys' fees and non-statutory costs incurred in this
action under 35 U.S.C. §285; and

j)  Awarding Everlight such other and further relief as this Court deems
just and appropriate, premises considered.

133336333v.1

This 9th day of June, 2023.

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Bryan G. Harrison*
Bryan G. Harrison
Attorney-in-Charge
bryan.harrison@lockelord.com
TX State Bar No. 09112600

3333 Piedmont Rd, NE
Terminus 200, Suite 1200
Atlanta, GA 30318
(404) 870-4600—Telephone
(404) 806-5622—Facsimile

*Counsel for Plaintiff Everlight
Electronics Co. Ltd.*

133336333v.1